UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

CHANTAL KAHALE,

    Plaintiff,

v.

CROSSROADS SDI, INC. d/b/a
CROSSROADS INVESTIGATIONS, a Florida
corporation, and MARC HURWITZ, an individual,

    Defendants.
_____/

# **COMPLAINT**

Plaintiff, CHANTAL KAHALE ("Plaintiff"), a former employee of Defendants, CROSSROADS SDI, INC. d/b/a CROSSROADS INVESTIGATONS ("Corporate Defendant") and MARC HURWITZ ("Defendant Hurwitz") (collectively, "Defendants"), brings this action for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), against Defendants and alleges as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff is an individual and resident of Florida, who at all material times hereto has resided in Miami-Dade County, Florida. Plaintiff is over the age of 18 and otherwise *sui juris*.

2. The Corporate Defendant is a Florida corporation conducting business in Miami-Dade County, Florida.

3. At all material times, the Corporate Defendant had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

CASE NO.: _____

4. Based upon information and belief, at all material times, the annual gross sales volume of the Corporate Defendant was in excess of $500,000.00 per annum.

5. At all material times, the Corporate Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

6. At all material times, Plaintiff was an individual employee of Defendants who engaged in commerce or in the production of goods for commerce as required by the FLSA, 29 U.S.C. § 206-207.

7. Defendant Hurwitz is an individual and resident of Florida, who at all material times hereto has resided in Miami-Dade County, Florida.

8. At all times material hereto, Defendant Hurwitz managed and/or operated the Corporate Defendant and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rates of pay for employees and/or controlled the finances and operations of the Corporate Defendant.  By virtue of such control and authority, Defendant Hurwitz is an "employer" of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

9. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and costs, interest, and reasonable attorneys' fees under the provisions of the FLSA.

10. Jurisdiction is conferred on the Court by 28 U.S.C. § 1337 and 29 U.S.C. § 216(b)

11. Venue is appropriate in the Miami Divisions of the U.S. District Court for the Southern District of Florida because Defendants employed Plaintiff in the Southern District of Florida, at all material times Defendants conducted and/or continue to conduct business in the

CASE NO.: _____

Southern District of Florida, and/or because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

### General Allegations

12. Plaintiff re-alleges, as if fully set forth herein, the allegations of paragraphs 1 through 11 above.

13. Between approximately February 9, 2016 through July 21, 2020, Plaintiff worked for Defendants as a titled "Director of Operations" and was paid a weekly salary for her labor. Plaintiff was misclassified as exempt from the requirements of the FLSA by Defendants.

14. Plaintiff worked in excess of forty (40) hours during one or more work weeks during her employment. During most workweeks, Plaintiff worked between 40 and 60 hours.

15. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to her, are in the possession and custody and control of Defendants.

16. Despite working in excess of forty (40) hours one or more work weeks during her employment with Defendants, Defendants failed to comply with the FLSA in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked in which overtime was required to be paid.

17. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

18. Plaintiff is entitled to her reasonable attorney's fees if she is the prevailing party in this action.

### COUNT I: RECOVERY OF OVERTIME COMPENSATION (FLSA) (DEFENDANTS)

19. Plaintiff adopts and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 18 above.

CASE NO.: _____

20. Plaintiff is entitled to be paid half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week during all material times.

21. Plaintiff regularly worked between 20 to 40 overtime hours per work week.

22. Defendants knowingly and willfully failed to pay Plaintiff half of her regular rate of pay for all hours worked in excess of forty (40) per work week throughout her employment.

23. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages from Defendants.

24. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

25. Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against Defendants for the payment of all overtime hours at half her regular rate of pay for the overtime hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorney's fees, costs, and interest and for all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a right by a jury.

Respectfully submitted this 20th day of October 2020.

By: /s/ Diane P. Perez
Diane P. Perez, Esq., B.C.S. (41869)
**DIANE PEREZ, P.A.**
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
Telephone: (305)985-5676

CASE NO.: _____

Facsimile: (305)985-5677
E-mail: diane@dianeperezlaw.com
Attorney for Plaintiff

- 5 -