UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24315-CIV-ALTONAGA/TORRES

CHANTAL KAHALE

Plaintiff,

v.

CROSSROADS SDI, INC. d/b/a
CROSSROADS INVESTIGATIONS, a Florida
Corporation, and MARC HURWITZ, an individual,

Defendants.
_____/

## REVISED JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE

Pursuant to the Court's Order dated December 9, 2020 [DE 15], Plaintiff, CHANTAL KAHALE ("Plaintiff"), and Defendants, CROSSROADS SDI, INC., and MARC HURWITZ (together, the "Defendants"), in connection with the parties' confidential settlement in this case, hereby jointly request that this Court approve the parties' settlement and dismiss this matter with prejudice and state as follows:

1. On November 2, 2020, Plaintiff filed her First Amended Complaint seeking the recovery of unpaid overtime wages under the Fair Labor Standards Act ("FLSA") in connection with work she performed for Defendants.

2. Defendants have not filed an Answer and Defendants deny wrongdoing under the FLSA.

3. On December 8, 2020, Plaintiff filed her Notice of Voluntary Dismissal with Prejudice [DE 12]. This Court entered its Order of Dismissal with Prejudice [DE 13] shortly thereafter on the same date.

4. However, to avoid the costs and uncertainty of litigation, the parties have negotiated a confidential settlement in this matter.

5. Under the parties' Confidential Settlement Agreement and General Mutual Release (the "Agreement"), the parties have agreed to resolve this matter. Because confidentiality is a material term of the Agreement, the parties respectfully request the court conduct an in-camera inspection of the Agreement..

6. The parties jointly agree that the terms of their settlement are appropriate considering all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of either side winning or losing has been taken into account in the parties agreeing upon the resolution memorialized in the Agreement.

7. The parties further believe there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the parties' claims and defenses and make recommendations to reach a fair and reasonable compromise resolution of this matter.

8. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

9. Pursuant to Lynn's Food, the Court's in-camera inspection and review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

10. Plaintiff and Defendants are represented by counsel experienced in the litigation of FLSA claims. The settlement and the final Agreement were the subject of arms-length negotiations.

11. Counsel for Plaintiff, Diane P. Perez, Esq., B.C.S., is a Florida Bar Board Certified Labor and Employment attorney, who has practiced law since 2007. See Attorney Perez's Affidavit at ¶2, 6, attached hereto as Exhibit "A." On October 8, 2020, Attorney Perez entered into a 25 percent contingency fee agreement with Plaintiff, which has been attached to Exhibit "A" as its Exhibit "2."

12. Attorney Perez's current hourly rate is $350. The total amount of attorneys' fees expended in this action is $8,520.00. See Id. at ¶10 and its Exhibit "1." The total amount of taxable costs that have been incurred in this matter are $400.00, which consist solely of the filing fee for the Complaint. See Exhibit "A" at ¶12. The parties have agreed to Attorney Perez receiving $2,250.00 in fees and costs, a fraction of the fees that have been expended in this action to date. See Id. at its Exhibit "1."

13. To calculate a reasonable fee, the Court must utilize a "lodestar" method. Norma v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Court must first determine the reasonable hourly rate. Id. It then must assess the reasonable number of hours expended in the litigation. Id. at 1302.

14. Attorney Perez's rate of $350 is reasonable. "[A] reasonable hourly rate is the

3

prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996). Attorney Perez's rates are in line with those found reasonable in other FLSA cases brought in the Southern District of Florida. See Brooks v. Peer Review Mediation & Arbitration, Inc., No. 11-61630-Civ-Cohn, 2012 U.S. Dist. LEXIS 15890, at *12-13 (S.D. Fla. Nov. 6, 2012) (finding hourly rate of $300 for a 3rd year attorney and $350 for a 9th year attorney reasonable in a case involving the FLSA and ERISA). The hours expended are also reasonable. In addition to numerous communications between Attorney Perez and Plaintiff and between Attorney Perez and opposing counsel, Attorney Perez also reviewed documents, drafted a Complaint, drafted an Amended Complaint, drafted a statement of claim, and reviewed and revised settlement-related documents. See Exhibit "A" at its Exhibit "1."1

15. The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements of Lynn's Food, as all of the relevant criteria support approval of the ultimate settlement in this matter.

16. Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Confidential Settlement Agreement and General Mutual Release and enter a Final Order of Dismissal with Prejudice or other appropriate Order in light of Plaintiff's filing of her Notice of Voluntary Dismissal with Prejudice in this action.

WHEREFORE, all parties respectfully request the Court issue an Order: (1) reviewing the Agreement in camera; (2) approving the Agreement; (3) dismissing this action with prejudice or

---

1 The Eleventh Circuit instructs district courts to consider the factors articulated in Johnson v. Georgia Highway Expr., Inc., 488 F.2d at 773, 775 (5th Cir. 1974) in cases where fees of more than 25 percent are sought. Here, counsel for Plaintiff does not seek more than 25 percent in fees.

entering an appropriate Order, if any; (4) maintaining confidentiality of the Agreement by not having it filed in the public records of the Court; and (5) reserving jurisdiction to enforce the terms of the Agreement.

**RESPECTFULLY SUBMITTED** this 16th day of December 2020.

| | |
|---|---|
| By: /s/ Alan D. Danz<br>Alan D. Danz<br>Fla. Bar No. 948934<br>danz@danzlaw.net<br>Danz Law, PLLC.<br>11011 Sheridan Street<br>Suite 314<br>Cooper City, Florida 33026<br>Telephone (954) 530-9245<br>Facsimile (954) 616-5738<br><br>*Counsel for Defendants* | By: /s/Diane P. Perez<br>Diane P. Perez<br>Fla. Bar No. 41869<br>diane@dianeperezlaw.com<br>Diane Perez, P.A.<br>121 Alhambra Plaza<br>Suite 1500<br>Coral Gables, FL 33134<br>Telephone (305) 985-5676<br>Facsimile (305) 985-5677<br><br>*Counsel for Plaintiff* |